IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MADALYN SAMUEL SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:13cv795-MHT |
| ) | (WO) |
| PATRICK R. DONAHOE, ) | |
| Postmaster General, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 25, 2013, *pro se* plaintiff Madalyn Samuel Sellers ("Sellers"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., alleging that she was discriminated against by the defendant when she was terminated from her employment with the United States Postal Service. She asserts that she was the victim of sexual harassment, and as a result, she is unable to work, and was unlawfully terminated. The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant contained in Title VII.

This action is now pending before the court on the defendant's motion to dismiss for improper venue, or in the alterative, motion to transfer (doc. # 10). The plaintiff has failed to respond to the defendant's motion. Based upon its independent review of the pleadings, the court concludes that the interests of justice require this case be transferred to the United States District Court for Northern District of Georgia.

**DISCUSSION**

In her complaint, the plaintiff alleges that on May 27, 2009, she was the victim of sexual harassment by her supervisor while she worked at the United States Postal Service's Bulk Mail Center in Atlanta, Georgia. As a result of the harassment, the plaintiff alleges that she was unable to return to work and was subsequently fired from her employment. She seeks recovery of back pay and reinstatement to her employment.

The defendant's motion to dismiss is premised on improper venue. Title VII provides, in pertinent part, that an action is properly brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.A. § 2000e-5(f)(3).

In her *pro se* complaint, Sellers alleges that the alleged actions occurred at the Bulk Mail Center in Atlanta, Georgia which is in the Northern District of Georgia. She does not allege that her employment records are located in the Middle District of Alabama, nor does she assert that she would have worked in the Middle District of Alabama absent the alleged unlawful employment practice.[1] Consequently, the court concludes that the proper venue for this litigation is the United States District Court for the Northern District of Georgia.

---

[1] It appears that the sole reason this action was brought in this court is because the plaintiff now resides in Montgomery, Alabama.

2

The question before court therefore is whether this case should be transferred to the Northern District of Georgia, or whether the court should dismiss this action based on improper venue.  Section 1406(a) allows the court, in the interest of justice, to transfer this case "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).[2] The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case.  *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991); *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996).

In this case, there is no question that venue would be proper in the United States District Court for the Northern District of Georgia.  While the plaintiff has filed nothing in response to the defendant's motion, the defendant concedes that the court may transfer this case to a district where venue is proper.  *See* Doc. # 10.  The acts that form the basis of the plaintiff's claims occurred in Atlanta, Georgia; the majority of the witnesses are located in Atlanta, Georgia; and at least some of the plaintiff's employment records are located in Atlanta, Georgia.  There is no indication that the plaintiff will be prejudiced by transfer to the Northern District of Georgia as this case is in its infancy.  These factors weigh in favor of transferring the case.

The plaintiff's *pro se* status also weighs in favor of transferring this case.  "Courts do

---

[2] 28 U.S.C. § 1406 provides, in pertinent part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3

and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing [her] case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years -that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. . . . If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'

*Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-467 (1962) (footnote omitted).

Therefore, the court concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Georgia. After careful consideration, the court concludes that dismissal of this action is not in the interests of justice. The court further concludes that it would be in the interests of justice to transfer this case to the United States District Court for the Northern District of Georgia.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

defendant's motion to dismiss (doc. # 10) be DENIED and in the alterative, the motion to transfer be GRANTED and this case be TRANSFERRED to the United States District Court for the Northern District of Georgia.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 27, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of December, 2013.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE